IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RUSSELL ROBINSON, JR., Plaintiff, | ) | |
| -vs- | ) | Civil Action No. 21-22 |
| KILOLO KIJAKAZI,[1] COMMISSIONER OF SOCIAL SECURITY, Defendant. | ) | |

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 15 and 17). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 16 and 18). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 15) and granting Defendant's Motion for Summary Judgment. (ECF No. 17).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Plaintiff's applications were filed in 2018 alleging disability beginning on January 18, 2018. Administrative Law Judge ("ALJ"), Jeffrey P. La Vicka, held a hearing on January 30, 2020.[2] (ECF No. 8-2, pp. 29-49). On February 18, 2020, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 16-24).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 15 and 17). The issues are now ripe for review.

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

[2]A hearing on October 3, 2019, was postponed to allow Plaintiff to obtain representation. (ECF No. 8-2, pp. 51-57).

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B. Residual Functional Capacity ("RFC")** [3]

Plaintiff first argues that the ALJ's RFC determination is not supported by substantial evidence because it does not account for his "well-documented daytime somnolence."[4] (ECF No. 16, pp. 11-14). In support of this argument, Plaintiff cites to evidence he believes supports his position that he is disabled. To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

[3]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); SSR 96-8p. The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. *Id.*

[4]The ALJ found that Plaintiff has the RFC to perform light work but with certain exceptions. (ECF No. 8-2, pp. 19-20).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, any argument in this regard is misplaced.

Nonetheless, after a review of the evidence, I find that ALJ properly considered Plaintiff's somnolence in determining his RFC. (ECF No. 8-2, pp. 20-22). An ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000); *Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.* There is no requirement, however, for an ALJ to discuss or refer to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). Rather, an ALJ must provide sufficient explanation of his or her final determination to afford a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, I note that a plaintiff need not be pain-free or symptom-free to be found not disabled.

An ALJ is charged with formulating the RFC based on ***all*** of the relevant evidence. 20 C.F.R. §§404.1545(a), 416.945(a). After a careful review, and contrary to Plaintiff's assertions otherwise, I find that is what the ALJ did. The ALJ formulated Plaintiff's RFC based on all of the evidence of record, discussing the medical evidence of record (including Plaintiff's sleep study in October 2017, conducted prior to the relevant time period at issue here) setting forth the minimal and conservative treatment Plaintiff sought over the two year relevant time period

despite his testimony and reports of difficulty sleeping and daytime somnolence. (ECF No. 8-2, pp. 19-22). With regard to Plaintiff's somnolence, the ALJ acknowledged Plaintiff's reports and testimony regarding his somnolence but explained why his statements about the intensity, persistence, or functionally limiting effects are not substantiated by objective medical evidence and other evidence in the record.[5] *Id.* To that end, in addition to the sleep study, the ALJ noted that Plaintiff took a daily nap of 20-30 minutes, that he was advised to lose weight (but had little success), that he was given a BiPAP and a large Wisp mask to make the use of his BiPAP easier to comply with treatments, and that his physical examinations were normal. Moreover, the ALJ discussed the opinion evidence and the written statement of Rose Lampert, Plaintiff's girlfriend. (ECF No. 8-2, pp. 21-22).

Given the ALJ's discussion, I am able to make a proper and meaningful review and find that substantial evidence supports the ALJ's RFC determination. (ECF No. 8-2, pp. 16-24). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Plaintiff's assertion that it "stands to reason that he will not be able [to] stay on task for a full work day with no breaks or accommodation for his sleep apnea" is a request to have this court reweigh evidence, in contravention to the standard of review of this court. (ECF No. 16, p. 14). Consequently, remand is not warranted based on this argument.

**C. <u>Opinion Evidence and Written Statement of Rose Campert</u>**

Plaintiff next asserts that the ALJ failed to properly evaluate the opinions of Rebecca Thomas, PA-C, and the observations of Rose Campert, his girlfriend. (ECF No. 16, pp. 14-16).

---

[5] In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record, including type of and lack of treatment, as well as the failure to failure to follow prescribed treatment that might improve symptoms. SSR 16-3p; 20 C.F.R. §§404.1529(c), 416.929(c).

For claims filed on or after March 27, 2017, the regulations governing the types of opinions considered and the approach to the evaluation of opinions by ALJs were amended and the treating physician rule was eliminated. 20 C.F.R. §§404.1520c; 416.920c. Under the new broadened regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [a] medical source." *Id.* at §§404.1520c(a); 416.920c(a). For such claims, an ALJ now is required to articulate how persuasive he/she finds the medical opinions and prior administrative findings. *Id.* at §§404.1520c(b); 416.920c(b). In so doing, the ALJ shall consider the following factors: 1) Supportability; 2) Consistency; 3) Relationship with the claimant; 4) Specialization; and 5) Other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive. *Id.* at §§404.1520c(c); 416.920c(c). "The most important factors" are supportability[6] and consistency.[7] *Id.* at §§404.1520c(a); 416.920c(a). Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors. *Id.* at §§404.1520c(b)(2); 416.920c(b)(2). When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors. *Id.* at §§404.1520c(b)(3); 416.920c(b)(3). Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered

[6]With regard to supportability, the regulations provides: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(1); 416.920c(c)(1).

[7]With regard to consistency, the regulations provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§404.1520c(c)(2); 416.920c(c)(2).

each opinion but may consider it in one single analysis using the factors above. *Id.* at §§404.1520c(b)(1); 416.920c(b)(1).

With regard to the opinion of Rebecca Thomas, PA-C, Plaintiff asserts the ALJ failed to properly consider her opinion that he can only work part-time, with a maximum of four hours per day and five days per week due to his sleep apnea. (ECF No. 16, pp. 14-16). The ALJ found her opinion only partially persuasive and explained that "while the record supports the claimant is fatigued, there are no clinical findings to suggest that he cannot complete an eight hour workday and 40 hour workweek." (ECF No. 8-2, pp. 21-22). Contrary to Plaintiff's assertions, this finding does not ignore the 2017 sleep study (which was conducted prior to the alleged disability date) or that Plaintiff testified that he did not adjust to his BiPAP masks. (ECF No. 8-2, pp. 20-22). The ALJ addressed these pieces of evidence. *Id.* Furthermore, the ALJ recognized that Plaintiff has persistent sleepiness, just not to the extent as Plaintiff suggests. After a review of the evidence, I find the ALJ properly evaluated the opinion of Rebeca Thomas, PA-C, and that his opinion in this regard is supported by substantial evidence. Therefore, remand is not warranted on this issues.

Finally, Plaintiff asserts the ALJ failed to properly consider the written statement of his girlfriend, Rose Campert. (ECF No. 16, p. 16). An ALJ is not required to articulate how he/she considered evidence from nonmedical sources[8] in accordance with the above requirements. *Id.* at §§404.1520c(d); 416.920c(d). The written statement from Ms. Campert is evidence from a nonmedical source and, thus, the ALJ was not required to articulate how he considered this evidence. Nevertheless, the ALJ specifically acknowledged Ms. Campert's statement and found it to be somewhat consistent with the evidence, but found the reported severity of Plaintiff's symptoms was not supported by Plaintiff's course of and response to treatment. (ECF No. 8-2,

[8] A "medical source" is "an individual who is licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law." 20 C.F.R. §§404.1502(d), 416.902(d). Hence, a nonmedical source is a source that is not a medical source. 20 C.F.R. §§404.1502(e), 416.902(e). Only a "medical source" can provide a "medical opinion." 20 C.F.R. §§404.1513(a)(1), 416.913(a)(2).

p. 22). After a review of the evidence, I find substantial evidence supports the noted inconsistencies. *Id.* at pp. 16-22. Therefore, remand on this basis is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RUSSELL ROBINSON, JR., )
)
Plaintiff, )
)
-vs- ) Civil Action No. 21-22
)
KILOLO KIJAKAZI,[9] )
COMMISSIONER OF SOCIAL SECURITY, )
)
Defendant. )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 27th day of January, 2022, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 15) is denied and Defendant's Motion for Summary Judgment (ECF No. 17) is granted.

BY THE COURT:

Donetta W. Ambrose
United States Senior District Judge

[9]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.